UNITED STATES of America

v.

Cleveland R. RODGERS.

No. 83 CR 667.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1983.

John Evon, Dept. of Justice, Chicago, Ill., for plaintiff.

James R. Holloway, Federal Defender Program, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Cleveland Rodgers ("Rodgers") was indicted for conspiracy to distribute cocaine and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Rodgers has moved to dismiss Counts V through IX and XI[1] of the indictment, which charge him with the knowing and intentional use of a communication facility (a telephone) to facilitate a conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 843(b). For reasons set forth below, Counts V through IX are dismissed.

---

1. Count XI charges that Rodgers and a co-conspirator, Patrice Tynes, used a communications facility in the Northern District.

■ Counts V through IX charge Rodgers with use of a communication facility in the Northern District of Illinois at various dates; Rodgers is the sole defendant named in these counts. Counts V through IX are based upon recorded telephone calls placed by an undercover agent working for the Drug Enforcement Agency from Chicago to Rodgers in the Bahamas.[2] According to 21 U.S.C. § 843(b),

> [i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

At issue is whether Rodgers "used" a communications facility in violation of § 843 when he received telephone calls in the Bahamas from a government agent. Rodgers' use of a communications facility did not occur within the United States. As a result, we think that venue over Rodgers with respect to Counts V through IX is improper. We doubt that Congress intended § 843(b) to reach the situation at bar, which involves only the receipt of a telephone call in a foreign country. It is inconceivable that Congress intended under § 843(b) that a DEA agent may create federal offenses all over the world by simply picking up a telephone in the United States and calling suspected narcotics violators outside the country.[3]

**2.** Rodgers is a citizen and resident of the Bahamas.

**3.** Our concern about Congress' intent in enacting § 843(b) is not novel. *United States v. Leslie,* 411 F.Supp. 215 (D.Del.1976), involved a Canadian defendant, located in Canada, who had received telephone calls placed by a govern-

The Federal Rules of Criminal Procedure provide that "prosecutions shall be had in a district in which the offense was committed." Fed.R.Crim.P. 18. We do not believe that Rodgers committed any violations of 21 U.S.C. § 843(b) in this district. In its opposition to defendant's motion, the United States cites *United States v. Lawson,* 507 F.2d 433 (7th Cir.1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975), in which the Seventh Circuit held that a court has jurisdiction over a defendant charged with conspiracy despite his or her absence from the United States during the conspiracy. *Id.* at 445. The Court also observed that according to 18 U.S.C. § 3237, venue is proper in the district where a conspiracy is formed or where any overt act furthering the conspiracy was committed. *Id.* But Counts V through IX do not charge Rodgers with conspiracy. Rather, they charge him with use of a telephone in facilitating a conspiracy to possess and distribute cocaine. *Lawson* is thus inapposite to the present matter.

Other courts have addressed the issue of venue for purposes of § 843(b). In *United States v. Barnes,* 681 F.2d 717 (11th Cir. 1982), *cert. denied,* ⸺ U.S. ⸺, 103 S.Ct. 1447, 75 L.Ed.2d 802 (1983), the Court held that a § 843(b) offense was "committed" for venue purposes both in the district where a telephone call was placed and in the district where the call was received. *Barnes,* however, is inapposite to the present case, since the telephone call at issue there was received in the Middle District of Florida and had been placed from North Carolina. In the present case, we do not believe that venue over Rodgers would be proper with respect to Counts V through IX.

ment informant from the United States concerning the distribution of drugs. Because it based its decision upon another issue, the Court declined to reach the issue of whether § 843(b) was intended to reach international telephone calls concerned with drug distributions within the United States.

We decline, however, to dismiss Count XI. That count involves a telephone call placed to Rodgers by Patrice Tynes, a co-conspirator. It is settled that each conspirator would be liable for the overt acts of every other conspirator done to further the conspiracy, *United States v. Read*, 658 F.2d 1225, 1230 (7th Cir.1981). Rodgers can, therefore, be held responsible for the acts with which Tynes is charged in Count XI.

Accordingly, Counts V through IX are dismissed. It is so ordered.