UNITED STATES of America, Plaintiff,

v.

Wesley ANDREWS, Defendant.

No. 84–CR–31–S.

United States District Court, W.D. Wisconsin.

Nov. 30, 1984.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis., for plaintiff.

Peter Sullivan, Rockford, Ill., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

On November 26, 1984 the Court denied the defendant's motions for judgment of acquittal and/or a new trial. The following supplements and expands those remarks set forth on the record by the Court in its denial of those motions.

Defendant Andrews makes three post-trial motions: a motion for judgment of acquittal, a motion for a new trial, and a motion to renew the motions for judgment of acquittal previously made at the close of the government's case-in-chief and at the close of all evidence. In support of those motions, he chose to brief two issues: Whether the government proved that the offenses occurred in the Western District of Wisconsin and whether venue was therefore proper here, and whether he received a fair trial in light of the testimony of informant Armstrong that appeared to violate the Court's order *in limine* excluding evidence regarding the defendant's alleged drug and gun transactions unrelated to the offenses charged in the indictment.

The defendant raises numerous other grounds for a new trial or judgment of acquittal, but most simply renew matters previously raised at or prior to trial and will not be discussed again here.

*Venue*

Both the Sixth Amendment and F.R. Cr.P. Rule 18 place venue for criminal prosecutions in the state and district where the offense is committed.

Defendant Andrews was convicted of three counts of violating 21 U.S.C. § 843(b), which states:

It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or ... facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter.

The question presented is where use of a telephone for the proscribed purposes occurs, and where the offense itself is thereby committed.

Defendant maintains that because he was not physically present in the Western District of Wisconsin during any of the telephone conversations in evidence and did not initiate the telephone calls himself, he could not have been found to have used communication facilities in the Western District of Wisconsin nor to have committed the offenses here, in which case venue was improper. In contrast, the government contends that a § 843(b) violation is in the nature of a continuous offense, for which venue would be proper under 18 U.S.C. § 3237(a) in both the district in which the call originated and the district in which it was received. Both logic and precedent support the government's position.

In the first place, the unlawful use of a communication facility is necessarily a continuous offense because it involves communication across both time and space between or among persons at different locations like unlawful use of the mails, the classic continuous offense. The only difference between the communication in-

volved in unlawful use of the mails and that involved in unlawful use of a communication facility is that the latter occurs much faster. Moreover, because a person in the position of defendant Andrews knows that the person on the other end of the line is somewhere other than the place where he himself is physically present, he must know that his unlawful conduct could have an effect in that other place, wherever it may be, and he might, therefore, be deemed to have taken the risk that the effect might include criminal liability.

The only court of appeals decision commenting on the nature of a § 843(b) defense for venue purposes supports the proposition that it is a continuing offense. *United States v. Barnes*, 681 F.2d 717 (11th Cir.1982) involved the successful prosecution in the Middle District of Florida of a suspected drug dealer on several conspiracy counts, as well as on a § 843(b) count for his use of a telephone to facilitate the conspiracies. The evidence revealed that the defendant had called an undercover agent in the Middle District of Florida from a telephone located in North Carolina to arrange for delivery of an amount of cocaine that was supposed to have been smuggled into the United States by confederates. In response to the defendant's challenge to the sufficiency of the evidence on the ground that the offense could not have been committed in the Middle District of Florida as charged in the indictment, the Eleventh Circuit reasoned by analogy from cases involving unlawful use of the mails to the holding that a § 843(b) offense is "committed for venue purposes both in the district where the call is made and in the district where the call is received." *Id.* at 724. Because the defendant's call was received in the Middle District of Florida, venue was proper in that district.

Defendant Andrews attempts to distinguish this case from *Barnes* by pointing out that unlike the defendant in *Barnes* he did not call government informant Armstrong in Wisconsin, but merely received a call from Armstrong in his home in the Northern District of Illinois. The Court views this distinction as insignificant. Af-

ter all, it is not the act of making a telephone call for unlawful purposes that is proscribed in the Statute, but rather the use of the telephone for unlawful purposes.

The First Circuit Court of Appeals faced a similar argument in the case of *United States v. Cordero*, 668 F.2d 32 (1st Cir. 1981). There, two co-conspirators challenged their § 843(b) convictions in Puerto Rico District Court on the ground that venue was improper because they themselves had not committed any acts in furtherance of the conspiracy in Puerto Rico. As an alternative basis for denying their venue challenge, the First Circuit held that even though the defendants had never been physically present in Puerto Rico, they committed an act in Puerto Rico when they provided information key to the conspiracy to an undercover agent *who had telephoned them from the island.*

■ Thus, it makes no difference for venue purposes whether the defendant or some other person initially placed the telephone call that eventually led to a § 843(b) prosecution. Venue is proper both in the district where the call is placed and in the district where it is received.

Defendant raises the spector of a nationwide government forum-shopping spree to avoid the effect of that holding. The evidence in this case certainly cannot support such a theory. The jury could have reasonably believed from the evidence that defendant Andrews knew both that informant Armstrong lived in Wisconsin and (as defendant concedes in his brief) that he was, in fact, in Wisconsin when he called Andrews at his Illinois home pursuant to their earlier agreements. Moreover, even if this were a case where the facts suggested blatant forum shopping, it appears to the Court that a Rule 21 transfer to a more reasonable forum would be a more appropriate action than dismissal for improper venue.

*Violation of the Court's Order in Limine*

The second contention raised here is that informant Armstrong's references to his

prior contacts with defendant Andrews deprived Andrews of a fair trial.

The Court granted defendant's motion *in limine* excluding such testimony prior to trial because it had agreed with his contention that references to criminal conduct outside the scope of the acts alleged in the indictment could be highly prejudicial to his defense. The Court cannot grant defendant's motion for a new trial on the basis of any violation of the Court's order in this regard, however, because it believes defendant's counsel consciously chose to waive the protections of that order throughout the trial.

First, he objected to attempts by government counsel to keep the testimony of Armstrong within the parameters set by the Court through use of leading questions. An order *in limine* is an artificial limitation on the trial process and often necessitates some bending of evidentiary rules. The objections of counsel for the defendant carried with them the risk that nonleading questions would open up areas of testimony that could be prejudicial to his case and, indeed, some of Armstrong's answers to nonleading questions on direct examination inferred the existence of facts prejudicial to Andrews that were not properly before the jury. In these circumstances the Court believes the responsibility for those answers must be placed at the feet of the defendant, not the government.

Second, on cross-examination defendant's counsel chose to fully explore the nature of the financial arrangements between informant Armstrong and the government. Again, that course of action carried with it the risk that Armstrong's answers and his explanation on redirect of the services he provided the government could lead to adverse inferences about defendant Andrews' conduct that would have otherwise not been before the jury.

The benefits obtained from the course of conduct chosen by defendant's counsel may or may not have been worth the risk, but that is not for the Court to decide. Defendant, through his counsel, made his choices and now must abide by their consequences.

Accordingly,

### ORDER

IT IS ORDERED that the motions of defendant Wesley Andrews for judgment of acquittal or a new trial are DENIED.