**UNITED STATES of America**

v.

**Al KINKLE.**

**No. Cr. 84–00482–04.**

United States District Court,
E.D. Pennsylvania.

May 24, 1985.

Edward S.G. Dennis, U.S. Atty., James M. Becker, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Gregory T. Magarity, Mark F. Bideau, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Al Kinkle was indicted for conspiracy to possess a controlled substance with intent to distribute and unlawful use of a communication facility. Presently before the court is defendant's motion to dismiss the latter count. For reasons that follow, this motion will be denied.

Count two of the indictment alleges that on March 28, 1983, in the Eastern District of Pennsylvania, Al Kinkle knowingly and intentionally used a telephone to further the conspiracy described in count one. Pretrial discovery revealed that the telephone call which underlies the second count was placed by a government informant in Philadelphia and allegedly received by defendant Kinkle in Florida. Defendant contends, therefore, that even if the allegation in the second count of the indictment is accepted as true, a violation of 21 U.S.C. § 843(b) (1982) has not taken place in the Eastern District of Pennsylvania. Accordingly, he contends, the indictment should be dismissed as this district is an improper venue.

Both Article III, section 2 of the Constitution and Fed.R.Crim.P. 18 place venue for criminal prosecutions in the district where the offense was committed. The sixth amendment to the Constitution provides that a criminal accused has the right to a public trial by an impartial jury drawn

from the district where the offense was committed.[1]

Congress, in addition to enacting certain provisions setting venue for specific criminal offenses, has enacted 18 U.S.C. § 3237(a) (1982), which provides as follows:

Except as otherwise provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail moves.

The statute defining the offense in this case makes it unlawful for "any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter...." 21 U.S.C. § 843(b) (1982).

What I must decide is where the use of the telephone took place. Defendant argues that as the recipient of the telephone call, he only used a telephone in Florida, and, therefore, a prosecution in this district for use of a telephone is improper. In response, the government asserts that section 843(b) draws no distinction between placing and receiving a telephone call and that unlawful use of a telephone is a continuing offense which takes place in both the district where the speaker is present and the district where the listener is present.

The Supreme Court considered where "illegal use" occurred in *United States v. Johnson*, 323 U.S. 273, 65 S.Ct. 249, 89

L.Ed. 236 (1944), a prosecution under the Federal Dentures Act. The Act made it unlawful, in the course of the conduct of a business of constructing or supplying dentures from casts or impressions sent through the mails or in interstate commerce, *to use the mails or any instrumentality of interstate commerce* for the purpose of sending or bringing into "a state a denture which was cast by a person not licensed to practice dentistry in the state into which the denture was sent." Federal Denture Act of 1942, 56 Stat. 1087, 18 U.S.C. §§ 420f–420h (1943).

The Court held that because the sender's crime was complete when the dentures were deposited in the mail, the sender could only be prosecuted in the district from which the dentures were sent. 323 U.S. at 277–78, 65 S.Ct. at 251–52. The Court also focused upon the absence of a specific statutory provision providing for venue in both the sender's and recipient's districts. *Id.* at 276–77, 65 S.Ct. at 251. This absence was deemed particularly significant in light of the fact that such a specific provision was suggested and rejected when the bill was in the House. *Id.*

Justice Reed, joined by three other justices, issued a sharp dissent, arguing that the majority improperly restricted the sender's crime to the "first use" of the mail. *Id.* at 280, 65 S.Ct. at 252–53 (Reed, J., dissenting). He contended that the operative term in the statute, "use of the mails," encompassed the entire transmission of the goods. *Id.* at 281–82, 65 S.Ct. at 253–54 (Reed, J., dissenting). Justice Reed reasoned,

The 'use' for the 'purpose' results in a continuous offense. Since the offense is committed wherever the mails or instrumentalities of interstate commerce are used for the purpose of sending or bringing the denture into a state contrary to the statute and the act has no provision

---

1. The Third Circuit has recognized that the sixth amendment provision is a vicinage clause rather than a venue clause. Instead of establishing a place for trial, it specifies the place from which the jurors are to be selected. *See United States v. Passodelis*, 615 F.2d 975, 977 n. 3 (3d Cir. 1980). While of academic interest, the distinction has not been regarded as significant. *See id.*

otherwise limiting the place of trial, the venue is at whatever place these acts are committed.

*Id.* (footnotes omitted).

Congress responded to *Johnson* by amending the general criminal venue provision. *See* c. 645, 62 Stat. 826 (codified as amended at 18 U.S.C. § 3237 (1982)). In addition to delineating specifically the venue for cases involving use of the mails, this amendment provided that offenses "committed in more than one district" could be prosecuted in any district in which such offense was "continued." *See id.* The statute that had been revised by the amendment and that had been available to the *Johnson* Court only addressed offenses "begun in one judicial district and completed in another." 28 U.S.C. § 103 (1941) (superseded). By adding the "committed in more than one district" language, Congress undermined the Court's "first use" approach in *Johnson.* Under the amended venue section, the fact that all necessary elements of a particular offense have taken place in one venue does not preclude the prosecution of that offense in another venue if the offense has been continued there.

Legislative history to the amendment makes clear congressional dissatisfaction with another aspect of the *Johnson* decision. The House Report which accompanied the bill that was ultimately enacted provided in part as follows:

> The last paragraph of the revised section was added to meet the situation created by the Supreme Court of the United States in *United States v. Johnson,* 1944, [323 U.S. 273] 65 S.Ct. 249, 89 L.Ed. 236, which turned on the absence of a special venue provision in the Dentures Act, section 1821 of this revision. The revised Section removes all doubt as to the venue of continuing offenses and makes unnecessary special venue provisions except in cases where Congress desires to restrict the prosecution of offenses to particular districts....

*See* H.R.Rep. No. 304, 80th Cong., 2d Sess., *reprinted in* U.S.Code Cong.Serv., *Crimes and Criminal Procedure* 2625 (1948). In effect, legislative history indicates that the amendment was intended to reverse *Johnson's* presumption against multi-venue in cases where there is no specific venue provision, and demonstrates a congressional policy in favor of broad venue.

Against this background, it is my belief that unlawful use of the telephone is a continuing offense that may be prosecuted in any district in which a communicant is located. In *United States v. Barnes,* 681 F.2d 717 (11th Cir.1982), the court of appeals upheld against a venue attack a conviction in the Middle District of Florida for illegal use of the telephone. The defendant had placed the call from North Carolina to the Middle District of Florida. *Id.* at 724. Arguing by analogy to mail offenses, the court held that a section 843(b) offense "is committed for venue purposes both in the district where the call was made and in the district where the call was received." *Id.*

Further support is provided by *United States v. Andrews,* 598 F.Supp. 296 (W.D. Wis.1984), a case strikingly similar to the one at bar, which explicitly recognizes a section 843(b) offense as a continuing one. Defendant, physically outside the western District of Wisconsin, received telephone calls placed within the district. *Id.* at 297. In holding venue to be proper in the Western District of Wisconsin, the court stated,

> [T]he unlawful use of a communication facility is necessarily a continuous offense because it involves communication across both time and space between or among persons at different locations like unlawful use of the mails, the classic continuous offense. The only difference between the communication involved in unlawful use of a communication facility is that the latter occurs much faster.

*Id.* at 297–98. *See also* Abrams, *Conspiracy and Multi-Venue in Federal Criminal Prosecutions: The Crime Committed Formula,* 9 U.C.L.A.L.Rev. 751, 791 (1962) (arguing that statutes incorporating the operative verb "to use" may be subject to a "continuing" interpretation).

Defendant argues that a distinction should be drawn between cases in which

the defendant *places* the call from outside the district and cases in which the defendant *receives* the call from a person who has initiated the call from the forum district. I find this distinction unpersuasive. Section 843(b) makes unlawful certain *uses* of communication facilities; neither it nor its legislative history draws a distinction between placing and receiving a call. *See* H.R.Rep. No. 91–1444, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.Code Cong. & Ad. News 4566, 4616; *United States v. Cordero*, 668 F.2d 32, 43 & n. 16 (1st Cir.1981); *United States v. Andrews*, 598 F.Supp. 296, 298 (W.D.Wis.1984). Thus, it makes no difference for venue purposes whether the defendant or some other individual placed the telephone call underlying the section 843(b) prosecution. Venue lies both in the district where the call is placed and in the district where it is received. *Andrews*, 598 F.Supp. at 298.

Defendant relies almost exclusively on *United States v. Rogers*, 575 F.Supp. 246 (N.D.Ill.1983), where the district court held that a telephone call placed by a government informant from the forum district to the defendant in the Bahamas did not support venue for a section 843(b) prosecution in the district from which the informant's call was placed. In reaching that conclusion, the *Rogers* court stated it was doubtful that Congress intended section 843(b) to reach a situation involving only the receipt of a telephone call in a foreign country. *Id.* at 247. The court continued, "It is inconceivable that Congress intended under § 843(b) that a DEA agent may create federal offenses all over the world by simply picking up a telephone in the United States and calling suspected narcotics violators outside the country." *Id.* The *Rogers* court's reliance on the international character of the phone call distinguishes that case from the instant one. To the extent that *Rogers* does not turn on its international elements, however, and proceeds on a theory that would draw a distinction between placing and receiving domestic telephone calls, I decline to follow it and opt instead to follow *Cordero* and *Andrews*.

Defendant finally argues that policy considerations support dismissal. He contends that to allow venue to lie in this district in this case would be to provide the government with an opportunity to create venue in a selected district by placing a call from that district to a targeted individual who had absolutely no other contact with that district. Defendant's argument goes too far. First, the alleged conspiracy that the subject telephone conversation supposedly furthered was centered in this district. Second, even if the facts of this case did suggest blatant forum shopping, a transfer to a more reasonable forum pursuant to Fed.R.Crim.P. 21 would be a more appropriate response than dismissal for improper venue. *See Andrews*, 598 F.Supp. at 298.