Wesley ANDREWS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 85–2911.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 4, 1986.

Decided April 29, 1987.

Robert S. Bailey, Bailey, Bradley and Walsh, Chicago, Ill., for petitioner-appellant.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis., for respondent-appellee.

Before BAUER, Chief Judge, CUDAHY and RIPPLE, Circuit Judges.

BAUER, Chief Judge.

Wesley Andrews appeals the denial of his section 2255 motion to vacate his sentence. Andrews was found guilty of three counts of using the telephone to facilitate unlawful distribution of cocaine, in violation of 21 U.S.C. section 843(b). After a jury trial, he was sentenced to three years on each count, to be served consecutively.

The facts can be summarized as follows. Within a four day period, Andrews received three telephone calls from Richard Armstrong, a government informant, for the purpose of buying cocaine from Andrews. Armstrong taped the conversations. Andrews received the calls in Rockford, Illinois; but the informant made at least one of the calls from Janesville, Wisconsin. The government elected to prosecute Andrews in the Western District of Wisconsin. Andrews challenges (1) whether venue was proper in the Western District of Wisconsin and (2) whether his consecutive sentences violate FED.R.CRIM.P. 32(c)(3)(D) or the Eighth Amendment.[1] We affirm the order below denying section 2255 relief.

---

1. The issues raised in this § 2255 petition were never raised on direct appeal. Although Andrews filed a timely notice of appeal, he did not surrender to the United States Marshal as ordered, and the appeal was dismissed for failure to pay the docketing fee. The failure to prose-

## I.

■ Petitioner contends that it is constitutionally impermissible to try him in the Western District of Wisconsin, when he received the calls in Rockford, Illinois. Andrews argues that venue cannot lie in the district where the calls originated if it is not the district in which the defendant was physically located when he committed the offense. Both the Constitution and the Federal Rules provide that venue shall lie where the crime was committed. U.S. CONST., ART. III, SEC. 2; AMEND. 6; FED.R. CRIM.P. 18. Andrews was charged with "knowin[g] or intentiona[l] use [of] any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter...." 21 U.S.C. § 843(b) (1981). Thus we must determine *where* the defendant "used" the telephone to facilitate distribution of cocaine.

Neither the language of section 843(b) nor its legislative history make a distinction between placing and receiving a call. *See* H.R.REP. No. 91–1444, 91st Cong. 2d Sess. (1970), reprinted in 1970 U.S.CODE CONG. & ADMIN.NEWS 4566, 4616. Courts addressing this specific issue have found that section 843(b) proscribes a continuing offense and, as a result, the crime is committed both where the call originates and where it is received. *United States v. Barnes*, 681 F.2d 717 (11th Cir.1982); *cert. denied*, 460 U.S. 1046, 103 S.Ct. 1447, 75 L.Ed.2d 802 (1983); *United States v. Cordero*, 668 F.2d 32 (1st Cir.1981); *United States v. Kinkle*, 624 F.Supp. 629 (E.D. Pa.1985). Andrews argues that *United States v. Rodgers*, 575 F.Supp. 246 (N.D.Ill. 1983) stands for the proposition that venue is improper in the district where the call originated, if the government initiated the communication.

In *Rodgers*, the defendant was a citizen and resident of the Bahamas. A DEA agent called Rodgers in the Bahamas and Rodgers was then charged with a violation of section 843(b). The district court found venue over Rodgers to be improper because use of the telephone did not occur in the United States. Although the *Rodgers* opinion speaks in terms of venue, it is clear that what is at issue is federal jurisdiction. The *Rodgers* court notes that "[i]t is inconceivable that Congress intended under § 843(b) that a DEA agent may create federal offenses all over the world by simply picking up a telephone in the United States and calling suspected narcotics violators outside the country." *Rodgers*, 575 F.Supp. at 247. The *Rodgers* court holds that § 843(b) cannot proscribe use of a telephone when the "illegal" predicate act occurred outside our borders. *Rodgers* does not hold that an act cognizable under section 843(b) cannot be prosecuted in the district in which federal agents initiated the call. In fact, *Rodgers* distinguishes *United States v. Barnes*, 681 F.2d 717 (11th Cir. 1982), *cert. denied*, 460 U.S. 1046, 103 S.Ct. 1447, 75 L.Ed.2d 802 (1983), on the ground that it lacked the international character of the Rodgers transaction.

Here, there is no question that Andrews committed an act cognizable under section 843(b); Andrews concedes as much in his brief. Defendant's only contention is that he should have been tried in the Northern District of Illinois. He contends that allowing venue to be determined by the origin of the call, when the defendant does not make the call, could lead to forum-shopping on the part of the government. We do not believe that the government engaged in impermissible forum-shopping here. To the extent that this is a concern in a given case, it is more appropriately handled at the trial level by a transfer to a more reasonable forum, pursuant to FED.R.

cute a direct appeal would normally preclude subsequent review of any issue that could have been raised on appeal, absent a showing of cause and prejudice. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Here, however, the government has failed to raise waiver, and accordingly, we do not address it. A state may waive reliance on waiver

by its inattention to the issue. *Barrera v. Young*, 794 F.2d 1264, 1268 (7th Cir.1986). Although the considerations presented by a federal procedural default are somewhat different from a state procedural default, we see no reason to depart from the time-honored tradition of considering only those arguments presented to us.

CRIM.P. 21.[2] We therefore find that the election to prosecute Andrews in the Western District of Wisconsin did not violate the Constitution.

## II.

■ Andrews further alleges that the district court judge sentenced him in reliance on impermissible considerations. Specifically, Andrews objects to the allegation in the presentence report that he is a member of an outlaw motorcycle gang and claims that the district court sentenced him in violation of FED.R.CRIM.P. 32(c)(3)(D).

Rule 32(c)(3)(D)[3] provides the appropriate procedure for sentencing when the defendant objects to assertions contained in the presentence report. In *United States v. Rone,* 743 F.2d 1169 (7th Cir.1984) we required the sentencing judge to ask the defendant three questions to ensure compliance with Rule 32:

(1) whether the defendant had an opportunity to read the presentence report;

(2) whether the defendant and defense counsel discussed the report;

(3) whether the defendant wishes to challenge any information contained therein.

Rule 32(c)(3)(D) provides that the court must either make a factual determination regarding the validity of any challenged information or must determine not to consider the challenged information in sentencing. Here, the district court fully complied with the rule. After answering the first two questions in the affirmative, Andrews objected only to the portion of the presentence report which alleged that he was a member of an outlaw motorcycle gang. The court noted the objection and indicated that "the Court, in determining ... sentence, will not, based upon your assertions, consider whether Mr. Andrews is a member of a motorcycle gang or any other type of outlaw group that is under the name of motorcyclists...." (Sentencing Transcript 19–20). The judge clearly gave no consideration to the disputed fact and thereby complied with Rule 32(c)(3)(D).[4]

## III.

■ Andrews also challenges his consecutive sentences. Andrews was sentenced to three years on each of three counts, to be served consecutively. Andrews notes the absence of any stated reason in the record for ordering the sentences to be served consecutively. He asks that we either remand to the district court for a statement of reasons or resentence the defendant based on the lack of stated reasons.

Most sentences are to be served concurrently but the imposition of consecutive sentences has long withstood constitutional attack. *See State v. O'Neil,* 58 Vt. 140, 2 P. 586 (1885). In addition, federal judges generally need not give reasons for their

---

**2.** We reserve the issue of whether venue would be proper in Wisconsin without the defendant's knowledge that the call originated from there. The defendant filed four briefs on appeal: two written *pro se,* and two written by his court appointed attorney. It is only in the defendant's *pro se* reply brief that he contends for the first time that he did not know where the calls originated or where the informant lived. The defendant never raised this factual ground to the district court. Accordingly, we deem the argument waived. *See, e.g., United States v. Williams,* 787 F.2d 1182, 1186 n. 7 (7th Cir. 1986). Moreover, it appears clear from the record that Andrews knew that at least one phone call was from Janesville.

**3.** FED.R.CRIM.P. 32(c)(3)(D) reads as follows:

If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccu-

racy in the presentence report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

**4.** Petitioner makes clear in his brief that he is seeking resentencing, and not merely an order directing the district court to append its determinations to the presentence report. To the extent that the determinations have not been appended, as required by Rule 32(c)(3)(D), the appellee is directed to ensure compliance with the rule in this respect.

sentencing decisions. *United States v. Gomer*, 764 F.2d 1221 (7th Cir.1985). Andrews urges that we adopt the approach taken in *United States v. Golomb*, 754 F.2d 86 (2d Cir.1985) which required the district court to state its reasons for imposing consecutive sentences. Andrews argues that *Golomb* stands for the proposition that a district court should state reasons whenever it imposes consecutive sentences. Our reading of *Golomb* is not so broad. *Golomb* requires a district court judge to state reasons for imposing consecutive sentences only in rare cases. The district court had imposed 11 sentences on Golomb, to be served consecutively. Thus, the defendant's aggregate sentence exceeded the maximum sentence for one offense by more than ten-fold. The Second Circuit found that these were such "unusual circumstances" as to warrant requiring the district court to state reasons for its sentencing determinations. The court noted: "[w]e do not suggest that ... sentencing judges are required routinely to give reasons for their sentences or even obliged to do so in every case involving consecutive sentences." *Id.* at 91. We agree, and do not find three consecutive sentences of three years each to be such unusual circumstances as to require a statement of reasons by the district court judge.

Andrews raises several other issues which need be addressed only briefly. First, Andrews claims that in recording his conversations in violation of Illinois law, the government engaged in misconduct sufficient to deprive him of his constitutional rights. Since federal law governs the admissibility of tape recordings in federal criminal cases, Andrews' challenge based on Illinois law does not allege a violation of due process. *United States v. Craig*, 573 F.2d 455 (7th Cir.1977), *cert. denied, North v. United States*, 439 U.S. 820, 99 S.Ct. 82, 58 L.Ed.2d 110 (1978).

 Next, Andrews claims that evidence was used against him which was recovered during an illegal search of his house. At trial, the government, without conceding the illegality of the search, agreed not to use any of the evidence derived from the search against Andrews. The district court found that no evidence had been presented at trial which was the fruit of the search. On appeal, Andrews baldly asserts that "currency" found in the search of his home was introduced into evidence at trial. Andrews fails to explain how this evidence was used at trial, whether Andrews objected to its admission and how such admission prejudiced him. Moreover, Andrews failed to designate any portions of the record on appeal which might have shed light on the issue. It is petitioner's burden to present an adequate record on appeal to allow the appellate court to evaluate his claims. FED.R.APP.P. 10. The record, as presented here does not permit us to consider this issue.

 Andrews also claims that Count III of the indictment did not allege a separate crime, and, as such, cannot support a separate conviction. Andrews' claim is without merit. To determine whether an indictment alleges separate crimes or a continuing violation, each count must be examined to determine whether it requires proof of a fact that the others do not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Andrews was convicted of use of the telephone to facilitate illegal distribution of cocaine. Each count required proof of a separate telephone call used to facilitate drug distribution and therefore satisfies *Blockburger*.[5] Therefore, Andrews collateral attack on Count III must also fail. Accordingly, the order of the district court is

AFFIRMED.

CUDAHY, Circuit Judge, concurring:

I join in the majority's analysis and result. I would go further, however, and require the defendant's knowledge of the place where the telephone call originated as a condition of creating venue in that place. The majority is correct in finding no dis-

---

5. Andrews also claims that the evidence was insufficient to sustain his conviction on Count III of the indictment and objects to certain com-

ments of the prosecutor during "closing argument". These issues were not preserved for appeal and we do not address them.

tinction in the language of section 843(b) or in its legislative history between placing and receiving a telephone call. Ultimately, it follows from this that the crime is committed both where the call originates and where it is received—assuming the requisite knowledge. It would seem, however, to violate basic concepts of criminal responsibility and due process to deem a crime committed at places unknown to the defendant, places the very existence of which he may not have had reason even to suspect. I would therefore go beyond the position described in footnote 2 of the majority opinion and require knowledge of the place of origination of the telephone call as a condition of venue there. *Cf. United States v. Johnson,* 323 U.S. 273, 276, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944) (J. Frankfurter) (emphasizing the importance of venue in criminal cases). *But see United States v. Kinkle,* 624 F.Supp. 629, 632 (E.D.Pa.1985) (venue is proper at place of receipt or origin of call, without regard to knowledge).