James V. PIERCE, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 91–1599.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 1992.

Decided Oct. 1, 1992.

Edward M. Genson, Jeffrey B. Steinback, Terence P. Gillespie, Genson, Steinback, Gillespie & Martin, Allan A. Ackerman (argued), Joelle Hollander, Chicago, Ill., for Pierce.

Barry R. Elden, Pamela Pepper, Asst. U.S. Attys. (argued), Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for U.S.

Before CUDAHY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

James Pierce pleaded guilty in the district court to one count of possession with intent to distribute cocaine. 21 U.S.C. § 841(a). Pierce filed a timely notice of appeal. While his direct appeal was pending, Pierce obtained new counsel, who filed a motion under 28 U.S.C. § 2255 to vacate Pierce's sentence. Then, on Pierce's own motion, a panel of this court dismissed his direct appeal. Without holding an evidentiary hearing, the district court subsequently denied Pierce's § 2255 motion. Pierce now appeals this denial, claiming that the district court erred by 1) failing to hold an evidentiary hearing on his ineffective assistance of counsel claim, 2) refusing to allow him to withdraw his guilty plea, and 3) adjusting his base offense level upward for obstruction of justice and not adjusting it downward for acceptance of responsibility.

I.

Pierce first argues that he was entitled to an evidentiary hearing on his § 2255 motion wherein he claimed ineffective assistance of counsel.[1] A federal prisoner seeking to vacate a sentence is entitled to a hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Pierce claims ineffective assistance of counsel based on a conflict of interest on the part of his trial attorney, George Becker.[2] According to Pierce, while Becker was representing Pierce on the drug charge, Becker was also representing the opposing side in a civil suit in which Pierce had a financial interest. Along with his § 2255 motion, Pierce submitted exhibits that showed that 1) Becker represented plaintiffs trying to regain possession of the premises at 7174 W. Grand Avenue, Chicago, and 2) Pierce had a financial interest in a corporation called 7174 W. Grand, Inc., which operated a nightclub at that location.[3]

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). The exhibits mentioned above,

---

1. The government concedes that Pierce did not procedurally default on the issue of ineffective assistance of counsel by failing to raise it on direct appeal, citing *Johnson v. United States,* 838 F.2d 201, 205 (7th Cir.1988), and *United States v. Taglia,* 922 F.2d 413, 419 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). Government Br. 23 n. 11. Indeed, the government's concession is enough to waive the defense of procedural default as to this issue. *See Andrews v. United States,* 817 F.2d 1277, 1278–79 n. 1 (7th Cir.), *cert. denied,* 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987).

2. On appeal, Pierce also appears to suggest that Becker rendered ineffective assistance of counsel by not adequately explaining the consequences of pleading guilty. To the extent that this argument is presented, it is waived since it was not raised in the § 2255 motion before the district court. *Borre v. United States,* 940 F.2d 215, 224 (7th Cir.1991). Moreover, there is no plain error. In response to Pierce's motion to withdraw his guilty plea, the district court conducted a thorough hearing on this claim and issued a detailed explanation rejecting Pierce's arguments.

3. Pierce states that this corporation was then leasing the premises at 7174 W. Grand Ave. Although the lease was not among the exhibits, other documents indicate that the corporation did lease those premises.

though not conclusive, do indicate the existence of an actual conflict of interest: While Becker defended Pierce on drug charges, he represented plaintiffs trying to regain possession of the premises where a corporation in which Pierce had a financial interest was doing business.

 This apparent conflict is cause for concern, but Pierce did not bring it to the district court's attention until after he pleaded guilty. Thus, under *Cuyler*, he was required to show that the conflict "adversely affected his lawyer's performance." *Id.* The government argues that Pierce has failed to make this showing. Neither in his § 2255 motion nor in his arguments to this court did Pierce specifically identify any adverse effect upon his attorney's performance due to the conflict.[4] Indeed, Pierce's appellate counsel candidly admitted at oral argument that the record discloses no such adverse effect. Thus, we conclude that the district court did not err by refusing to hold an evidentiary hearing on Pierce's § 2255 motion.

## II.

A week after pleading guilty to the drug charge, Pierce moved to withdraw his guilty plea. Pierce claimed that his guilty plea was not knowing and voluntary because, when he entered it, he incorrectly believed that he could refuse to testify against Daniel Molina, a co-defendant. Pierce also claimed that Becker misinformed him about the potential sentence he faced. After holding an evidentiary hearing, the district court denied this motion. Pierce now challenges the district court's refusal to allow him to withdraw his plea of guilty.

 Pierce's position has no merit. He failed to raise this issue in his § 2255 motion before the district court, and it is therefore waived absent plain error.

*Borre*, 940 F.2d at 224. Plain error seems unlikely in light of the fact that Pierce failed to raise this issue on direct appeal. Thus, he is procedurally barred from raising the issue now unless he can show cause for the default and resulting prejudice. *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir.1989).

Pierce does not address the issue of cause and prejudice, but rather argues that his decision to forego a direct appeal was an attempt "to accommodate the interest of judicial economy by simplifying his assertions into a single proceeding." He quotes language in *Norris v. United States*, 687 F.2d 899, 903–04 (7th Cir.1982), which he argues counters the procedural default problem. The quoted language does indeed decry "piecemeal litigation," but in the context of reaffirming and extending the scope of the doctrine of procedural default. Specifically, the court in *Norris* held that the cause and prejudice standard, rather than the more lenient deliberate bypass standard, should apply to the failure to raise issues on direct appeal. Thus, *Norris* does not help Pierce overcome his procedural default. Pierce's reliance on *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979), is similarly unpersuasive. *Davis* simply holds that a § 2255 motion is improper while a direct appeal is pending; it does not purport to establish a "piecemeal litigation" exception to the procedural default rule.

The law of procedural default is clear, and Pierce cites no other authority for the proposition that the interest in avoiding piecemeal litigation outweighs the interest behind the procedural default rule. We find no "plain error" here. Thus, we will not disturb the district court's refusal to allow Pierce to withdraw his guilty plea.

4. The record discloses that Pierce moved to withdraw his guilty plea claiming poor advice from Becker on 1) whether he would have to testify against a co-defendant if he pleaded guilty, and 2) the length of his potential sentence if he lost at trial. However, Judge Rovner held an evidentiary hearing on this matter and specifically rejected these two contentions. These findings are not clearly erroneous. Because Judge Rovner also entertained Pierce's § 2255 motion, another evidentiary hearing on these claims was unnecessary. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989).

### III.

Pierce also argues that the district court erred in sentencing him by adjusting his base offense level upward for obstruction of justice and by refusing to adjust it downward for acceptance of responsibility. The government argues that Pierce is barred from raising these claims on collateral review because he failed to raise them on direct appeal. Again, Pierce does not claim that cause and prejudice exist for his procedural default. The only argument he makes is that he sought to avoid piecemeal litigation. As discussed above, we do not find this argument persuasive. Thus, we will not disturb the district court's denial of Pierce's § 2255 motion on the basis of Pierce's sentencing.

### IV.

Based on the foregoing reasons, the district court's denial of Pierce's motion to vacate his sentence under 28 U.S.C. § 2255 is AFFIRMED.