UNITED STATES of America,
Plaintiff–Appellee,

v.

Vicki L. GROLL, Defendant–Appellant.

No. 92–1302.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 21, 1992.
Decided May 7, 1993.

Lisa T. Haybeck, Office of the U.S. Atty., Milwaukee, WI (argued), for plaintiff-appellee.

Robert M. Courtney, Lori L. Schultz (argued), Courtney, Pledl & Molter, Milwaukee, WI, for defendant-appellant.

Before CUDAHY, FLAUM and KANNE, Circuit Judges.

CUDAHY, Circuit Judge.

Defendant Vicki Groll pleaded guilty to one count of marijuana distribution and one count of using a firearm in the course of drug trafficking. At the sentencing hearing, the defendant moved to withdraw her guilty plea pursuant to Fed.R.Crim.P. 32(d), alleging that the firearm was not hers and raising an entrapment defense. The trial court denied defendant's motion to withdraw her plea, and she was sentenced. We vacate and remand.

## I.

Vicki Groll pleaded guilty to one count of marijuana distribution and one count of using a firearm in drug trafficking arising out of a series of drug transactions between Groll, confidential informant Michael Smothers and an undercover police officer. She sold marijuana to the undercover police officer on at least three occasions, the last of which on February 11, 1991, resulted in her arrest. On that day, the police officer noticed Groll putting a gun in her back pocket upon leaving the car in which they had been negotiating the deal. Groll and the officer completed the marijuana sale, and Groll was immediately arrested. A semi-automatic pistol was found in her back pocket and an extra magazine for the pistol was discovered in her front pocket.

At the Rule 11 hearing, Groll was on crutches and complained of extreme pain. She stated that she had taken medication that morning, but that she did not think that it affected her ability to think or decide. When questioned by the court, she affirmed that she had discussed the plea agreement with her counsel, knew the elements of each offense and its maximum penalty and had exhausted all available defenses.

At the sentencing hearing, however, Groll moved to withdraw her guilty plea pursuant to Fed.R.Crim.P. 32(d). She alleged that the pistol was not hers and that she was not aware of it until just prior to the meeting with the undercover officer. Groll stated that she placed the pistol in an upside-down position in her back pocket, and intended to throw the weapon away. She also proffered the affirmative defense of entrapment as support for her plea withdrawal, alleging that she had no intention of dealing drugs, but that the intimidation of Smothers, the confidential informant, induced her to break the law.

The court denied the defendant's motion to withdraw her guilty plea, holding that she did not raise these issues at the Rule 11 hearing and that even if the proffer could be established by testimony, it was insufficient to allow withdrawal of her plea.[1]

## II.

Rule 32(d) provides that, if a motion to withdraw a plea is made prior to sentencing, the court "may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The defendant, however, has no absolute right to withdraw the guilty plea. *United States v. Caban*, 962 F.2d 646, 649 (7th Cir.1992); *United States v.*

[1] Upon proceeding to sentencing, the issue arose whether the assertion of the entrapment defense precluded Groll from receiving a two-point reduction for acceptance of responsibility. The court, on a number of occasions, stated that the assertion of an affirmative defense jeopardizes the defendant's claim of acceptance of responsibility. It went on, however, to base its rejection of the reduction on the defendant's incredible testimony about her possession of the pistol, her denial that she threatened to kill the confidential informant and her failure to give testimony regarding the other individuals who were selling her the marijuana. Groll appealed this decision to deny her the two-point reduction as well, but we need not address it at this time.

*Knorr,* 942 F.2d 1217, 1219 (7th Cir.1991). Rather, the decision whether to permit a plea withdrawal rests within the district court's sound discretion, and we will reverse only upon a showing of abuse. *Id.*

■ Groll raises a number of objections to the district court's denial. Of these, only one was raised before the district court. Arguments raised for the first time on appeal are waived in the absence of plain error, *Pierce v. United States,* 976 F.2d 369, 371 (7th Cir.1992), and finding none, we confine our discussion to the issue of Groll's entrapment defense.[2] She argues that the court's refusal to permit withdrawal or to conduct an evidentiary hearing to evaluate the merits of the defense was an abuse of discretion.

■ We have recently held that whether an entrapment defense amounts to a fair and just reason for withdrawing a guilty plea depends upon the circumstances of the particular case. *Caban,* 962 F.2d at 649; *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992). It goes without saying that claims of innocence alone do not mandate permission to withdraw a plea. *United States v. Buckles,* 843 F.2d 469 (11th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989). It is equally true, however, that being legally innocent of the crime is a fair and just reason to withdraw a guilty plea. Thus, when assertions of innocence are substantiated by evidence, the district court must do more than simply deny the motion out of hand: a court must either permit the defendant to withdraw her plea and go to trial, conduct an evidentiary hearing on the matter or deny the motion with an explanation as to why the evidence is insufficient or incredible. *Cf. Caban,* 962 F.2d at 649 (affirming denial of motion to withdraw plea because entrapment defense not supported by evidence and district court had rejected the defendant's credibility).

■ In evaluating a motion to withdraw, a court should consider whether the proffered reasons are consistent with the testimony and other evidence introduced at the Rule 11 hearing, which has a presumption of verity. *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987). "A defendant who presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just.'" *Trussel,* 961 F.2d at 689. Thus, when the defendant changes her tune about the conduct underlying the offense to which she pleaded guilty, *cf. Caban,* 962 F.2d at 649 (defendant initially denied criminal conduct, thus relinquishing entrapment defense), or when the record indicates that the defendant was aware of the reasons supporting her motion to withdraw when she entered her plea, *see Trussel,* 961 F.2d at 690 (defendant given four days to discuss entrapment defense with counsel), the district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to her admissions at the Rule 11 hearing.

■ In the present case, we initially find that there is evidence in the record to support Groll's entrapment defense. A valid entrapment defense is comprised of two elements: government inducement of a crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct. *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988); *United States v. Sababu,* 891 F.2d 1308, 1332 (7th Cir.1989). We have in the past required the defendant to bear the burden of proving both inducement and the lack of predisposition. *See, e.g., United States v. Blackman,* 950 F.2d 420, 423 (7th Cir.1991); *United*

---

**2.** Groll argues for the first time on appeal that her plea was involuntary due to her physical ailments and her confusion stemming from the prescription drugs she took the morning of the change of plea hearing. She has not indicated or alleged, much less proved, however, how the medication she took that morning impaired her faculties. *See United States v. Teller,* 762 F.2d 569, 574 (7th Cir.1985) (defendant must show that she was impaired and incapable of fully understanding the consequences of the change of plea hearing in order to withdraw guilty plea). Groll also contends on appeal that her original plea was not knowingly entered because she was not adequately informed of the maximum and mandatory minimum penalties each conviction would carry. But the transcript of the hearing indicates that the court did advise her of the potential penalties. Tr. at 9–11.

*States v. Marren,* 890 F.2d 924, 929 (7th Cir.1989). The Supreme Court recently has held, however, that once inducement is shown by the defendant, "the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." *Jacobson v. United States,* — U.S. —, —, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992). The Court nevertheless recognized that inducement and predisposition are not wholly distinct from each other: "[W]here the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition." *Id.* — U.S. at —, 112 S.Ct. at 1541. Hence, an inducement must be sufficiently persistent to rebut as a matter of law the presumption of predisposition resulting from the criminal undertaking. In *Jacobson,* the Supreme Court held, and the government conceded, that targeting the defendant for 26 months with repeated mailings and communications coaxing him to purchase child pornography was inducement for entrapment purposes. On the other hand, this Court noted in *United States v. Caban,* 962 F.2d at 649, that three phone calls urging a defendant to buy cocaine after an initial refusal were not sufficient inducement.

▄▄▄ Although the line between opportunity and inducement may be unclear, the record here demonstrates sufficient inducement to raise a colorable entrapment defense. The uncontested facts reported by the probation office in the presentence report indicate that Groll initially refused an offer from the confidential informant[3] to sell marijuana for him. The informant then "called the defendant everyday" and "after a period of a month or more of his persistent calls, she asked a friend if he would get Mr.

Smothers [the confidential informant] some marijuana." Approximately a week prior to the incident in which she was arrested, moreover, the defendant told Mr. Smothers that she was too busy to engage in a sale to the undercover police officer. The informant then "began threatening her and was belligerent," so she agreed to make the sale. These persistent inducements by an agent of the government were part of the record before the district court, and were reiterated in the defendant's motion to withdraw her plea.

▄▄▄ In denying the defendant's motion, however, the district court failed to indicate why the unrebutted evidence did not support her entrapment defense. The district court at one point stated that it "feels that what has been offered here this morning, assuming that it could be established by testimony, is insufficient ... to warrant allowing the defendant to withdraw her plea."[4] As we found above, however, the proffer, if credited, would constitute a valid entrapment defense. The court also relied on her admissions at the Rule 11 hearing to reject her entrapment defense. But Groll's proffer does not contradict her admissions at the change of plea hearing. She admits, as she did at the change of plea hearing, that she was engaged in the conduct charged.[5] Moreover, Groll asserted in her motion to withdraw before the district court that she was unaware of the entrapment defense when she pleaded guilty. This claim should not be discredited unless there are "substantial indications" in the record that she was apprised of the defense when she pleaded guilty. *Trussel,* 961 F.2d at 689. Unlike the situation in *Trussel,* where the defendant was given four days to discuss the entrapment defense with counsel prior to pleading guilty, the record here does not indicate that Groll discussed a possible entrapment defense with

---

3. A confidential informant is an agent of the government for entrapment purposes. *Sherman v. United States,* 356 U.S. 369, 376, 78 S.Ct. 819, 822, 2 L.Ed.2d 848 (1958).

4. In fairness to the court, it may have been referring simply to the other proffered reason for withdrawing the plea involving the defendant's claim that the gun found was not hers.

5. A defendant raising an entrapment defense to withdraw her guilty plea can, given the nature of the defense, admit to the conduct supporting the alleged offense and yet still claim that she is legally innocent of the crime.

her lawyer.[6]  The only evidence suggesting that she was aware of the entrapment defense when she pleaded guilty is the following exchange at the Rule 11 hearing:

> THE COURT: Are you satisfied that you've exhausted the available defenses that you might have to this charge?
>
> THE DEFENDANT: Well, I believe that the reason I was put from state court to federal court is because I had submitted a letter to the district attorney in Waukesha stating that there was an injury during my arrest.
>
> THE COURT: That there was what?
>
> THE DEFENDANT: An injury.  And I did so after I talked to Attorney James Wood, and he told me to write a letter and ask for a report and have them send it to him.  And the report was never sent to him.  And when I wrote this letter it was within three weeks I was taken to federal court.  And I believe that that's why.
>
> THE COURT: Well, without quarreling with that at all, are you satisfied that you've exhausted your available defenses to this charge—these two charges?
>
> THE DEFENDANT: Yes, sir.

We are not confident, however, that this colloquy evidences the defendant's awareness of the entrapment defense at the time of the change of plea hearing.  We will not infer her awareness from her *pro forma* response to the enigmatic phrase "available defenses," especially when it is obvious from the sub-

stance of the conversation that Groll did not understand what the court was asking and the court seemed somewhat unconcerned about probing in depth.[7]  Our decision is strongly buttressed by the fact that her plea came six months before the Supreme Court decision breathing new life into the entrapment defense.  *See Jacobson,* —— U.S. at ——, 112 S.Ct. at 1540.  Hence, Groll's entrapment defense does not contradict her testimony at the Rule 11 hearing and the district court was not justified in denying her motion on those grounds.

The only other reference to the entrapment defense was the district court's acknowledgement that "perhaps this confidential informant was maybe not one of the better citizens of Waukesha County, but normally speaking that's what we run into in this type of case.  There are very few altar boys that are confidential informants...."  The court's recognition of the informant's shady character only bolsters the defendant's entrapment defense, and correspondingly, the need for the court to explain why it was not permitting her to withdraw her plea.  Consequently, we find that the court abused its discretion in denying the defendant's motion to withdraw her guilty plea without first identifying why the unrebutted evidence in the presentence report did not support her entrapment defense.

### III.

We need not reach the other issues presented on appeal and we therefore VACATE

---

**6.** Groll does not raise an ineffectiveness of counsel claim.  We do note, however, that her initial counsel withdrew after her guilty plea but prior to sentencing.  New counsel was appointed and raised the entrapment defense at the sentencing hearing.

**7.** It is also noteworthy that the quoted dialogue is one of the few instances in which Groll responded with a narrative answer.  Otherwise, the plea hearing was essentially utterly devoid of narrative responses to the court's questions.  Groll's simple affirmative or negative answers to the court's rote interrogatories give us pause in finding that she entered her plea knowingly.  Although we recognize the constraints on the district court, we nonetheless renew our concerns with the routinized treatment of the Rule 11 hearing:

> Whatever the exact nature of the colloquy [at the Rule 11 hearing] it is essential that it be

meaningful.  Simple affirmative or negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind as required by Rule 11.  For this reason the trial court should question the defendant in a manner that requires the accused to provide narrative responses.  Questions concerning the setting of the crime, the precise nature of the defendant's actions, or the motives of the defendant, for instance, will force the defendant to provide the factual basis in his own words.  The court should not be satisfied with coached responses, nor allow a defendant to be unresponsive.

*United States v. Fountain,* 777 F.2d 351, 356 (7th Cir.1985) (citation omitted), *cert. denied sub nom., Granger v. United States,* 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986).

and SMALL CAPS REMAND the case to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.