996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard W. NOVAK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1774.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 15, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 For the fifth time, Richard Novak asks the federal courts to vacate, set aside, or correct his sentences for drug offenses. 28 U.S.C. § 2255. He claims that he was denied counsel at a critical stage of the proceedings, violating his Sixth Amendment right under Massiah v. United States, 377 U.S. 201 (1964).
 
 
 2
 We affirm the district court's dismissal of the case on two grounds. One is that Novak is raising his claims for the first time, despite the fact that he has filed four previous motions under § 2255 and has long known of the facts supporting his claim. The government argues that this is an abuse of the writ under Rule 9(b) of the Rules Governing Section 2255 Proceedings. We agree, and though Novak could still pursue his argument if he could show "cause and prejudice" for not raising the claim in an earlier petition, McCleskey v. Zant, 111 S.Ct. 1454 (1991), he has made no attempt to do so.
 
 
 3
 Second, Novak failed to raise the Massiah issue--the claim that he was denied counsel at a critical stage of the proceedings--on direct appeal, and thus it has been procedurally defaulted. Liss v. United States, 915 F.2d 287, 290 (7th Cir.1990). Again, this could be excused by showing cause and prejudice, United States v. Frady, 456 U.S. 152 (1981), but Novak has not attempted to do so.
 
 
 4
 Novak also argues that the government failed to notify the court when it learned that its primary witness had committed perjury, requiring us to vacate his sentence. Giglio v. United States, 405 U.S. 150 (1972). Since it was not raised in the district court, this claim is waived. Pierce v. United States, 976 F.2d 369, 271 (7th Cir.1992). There was also no plain error, since Novak fails to demonstrate that any perjury ever occurred.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record