19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Omar LOPEZ, Defendant-Appellant.
 No. 93-2293.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Omar Lopez pled guilty to conspiracy to possess with intent to distribute cocaine and heroin. 21 U.S.C. Sec. 846. He was sentenced to 135 months' imprisonment to be followed by 5 years of supervised release. Seven weeks after entering his guilty plea, Lopez moved to withdraw the plea, stating that his attorney pressured him to plead guilty and that he acquiesced because he was emotionally distraught and did not fully understand the consequence of his plea. The district court denied the motion, discrediting Lopez's stated reasons for seeking to withdraw because it was more likely that Lopez was motivated by the fact that his co-defendant brother was acquitted soon after Lopez entered his plea. We affirm.
 
 
 2
 Federal Rule of Criminal Procedure 32(d) provides that a court may permit a defendant to withdraw his guilty plea where the defendant moves to withdraw before a sentence is imposed and advances "fair and just reason[s]" for withdrawal. Fed.R.Crim.P. 32(d). A defendant does not have an absolute right to withdraw his guilty plea. United States v. Ivory, 11 F.3d 1411, 1415 (7th Cir.1993); United States v. Groll, 992 F.2d 755, 757 (7th Cir.1993). The decision whether to permit withdrawal is within the sound discretion of the district court. United States v. Fuller, No. 93-2061, slip op. at 6 (7th Cir. Jan. 28, 1994); Groll, 992 F.2d at 757. We review that decision only for an abuse of discretion. Fuller, No. 93-2061, slip op. at 6; Groll, 992 F.2d at 757. However, we review for clear error the district court's finding as to the existence of a fair and just reason justifying withdrawal. United States v. Caban, 962 F.2d 646, 649 (7th Cir.1992).
 
 
 3
 The district court's conclusion that Lopez did not enter his plea under pressure from his attorney was not clearly erroneous. Because the responses given during a Rule 11 colloquy are binding, Lopez's plea hearing may be relied upon in determining whether his decision to plead guilty was made voluntarily. Fed.R.Crim.P. 11; Ivory, 11 F.3d at 1414-15; United States v. Trussel, 961 F.2d 685, 689 (7th Cir.1992). A defendant whose proffered reasons for withdrawing a guilty plea are inconsistent with the responses given at the Rule 11 hearing faces a heavy burden of persuasion. Trussel, 961 F.2d at 689; see also United States v. Price, 988 F.2d 712, 717 (7th Cir.1993). When Lopez was asked at the plea hearing whether his plea was the result of any threats or promises, he answered "No." (Plea Tr. 26-27). His responses to the district court's questions demonstrated that he understood and agreed with his attorney's conclusion that the viability of any defenses were outweighed by the risks of going to trial. (Plea Tr. 9). He also confirmed that he was satisfied with his attorney's representation. (Plea Tr. 9-10).
 
 
 4
 Not only is Lopez's claim that his attorney gave him no choice but to plead guilty inconsistent with his statements at the plea hearing, but he does not explain why he now believes his attorney's advice was inappropriate. See Trussel, 961 F.2d at 690. In fact, Lopez's attorney, at the hearing on the motion, admitted that he advised Lopez that even if Lopez was given a trial, "he could very well lose." (Motion Tr. 5). On these facts, the district court properly concluded that Lopez's decision to plead guilty plea was both voluntary and intelligent. That Lopez now believes he made a strategic miscalculation does not provide grounds for withdrawal. United States v. Broce, 488 U.S. 563, 571 (1989).
 
 
 5
 The district court also did not err in rejecting Lopez's claim that due to family pressure, his emotional state, his inability to speak English, his youth, his lack of education, and his lack of experience with the criminal justice system, he did not fully understand the nature of the proceedings or the consequences of his plea. The district court noted that Lopez did not appear emotionally distraught at the plea hearing. (Plea Tr. 8). Nor did Lopez display significant confusion in responding to the district court's questions. An interpreter was present during the Rule 11 colloquy and Lopez's attorney stated for the record that an interpreter was present at all meetings between himself and Lopez. (Plea Tr. 7). The district court verified that Lopez had reviewed the plea agreement with an interpreter, including any changes that were made. (Plea Tr. 26). Although when Lopez was first asked whether he understood the crimes of which he was accused, he did not understand the question, the district court explained it and asked it a second time. (Plea Tr. 7). At that point, Lopez stated, "Yes, I do understand." (Plea Tr. 7). While the district court's explanation of the guideline calculation was somewhat confusing, (Plea Tr. 20-24), the district court clearly stated the bottom line, that Lopez's sentence would fall between 120 and 168 months. (Plea Tr. 24). Throughout the discussion, Lopez stated that he understood the district court's statements. (Plea Tr. 20-24). Lopez's claim is undermined by the fact that he has not identified any aspect of the proceeding he did not understand. Although a defendant's quick change of heart may indicate that he entered the plea in confusion, United States v. Coonce, 961 F.2d 1268, 1276 (7th Cir.1992), that was not the case here. Lopez did not move to withdraw his plea until 7 weeks after he entered it.
 
 
 6
 Finally, despite Lopez's relative inexperience, the district court could properly conclude that he understood the consequences of his plea. See Coonce, 961 F.2d at 1276. The district court explained to Lopez his right to a jury trial before he entered his plea. (Plea Tr. 10-19). Lopez stated that he understood that his guilty plea would result in the waiver of that right. (Plea Tr. 19). He stated that he understood the district court's explanation of his possible sentence and that he might be required to pay $5,500 in restitution. (Plea Tr. 20-24, 25).
 
 
 7
 For the foregoing reasons, we conclude that the district court's denial of Lopez's motion to withdraw his guilty plea was not an abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record