73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Christopher L. BELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1289.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 ORDER
 
 1
 Petitioner Christopher L. Bell appeals pro se the district court's denial of his motion for postconviction relief under 28 U.S.C. Sec. 2255 based on his allegations of insufficiency of the evidence and ineffective assistance of counsel. We affirm.
 
 
 2
 In September 1989, Bell was indicted on six counts charging him with conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. Sec. 846 (Count I); knowingly and intentionally using a juvenile to distribute cocaine base in violation of 21 U.S.C. Sec. 845(b) (Count II); and money laundering in violation of 18 U.S.C. Sec. 1956 (Counts III-VI). After a jury convicted him on the first five counts, Bell was sentenced to 40 years' imprisonment. He appealed his conviction and sentence, and we affirmed his conviction and sentence as to Counts I and II but reversed his conviction and sentence as to the three money laundering counts. United States v. Bell, 936 F.2d 337 (7th Cir.1991).
 
 
 3
 In December 1993, Bell filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Sec. 2255. He argued that the evidence was insufficient to support his convictions as to both the amount of cocaine base and the degree of juvenile involvement. He also asserted that he was deprived of effective assistance of counsel because his counsel failed to object to the application of the guidelines during sentencing and failed to inform him of his right to challenge errors contained in the presentence investigation report.[1] The district court summarily dismissed the motion pursuant to Rule 4(b).
 
 
 4
 Relief under Sec. 2255 is available if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995). However, a motion to vacate or modify a sentence under Sec. 2255 is not a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), cert. denied, 116 S.Ct. 205 (1995). An argument that was not raised on direct appeal cannot first be presented on collateral review " 'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.' " Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).
 
 
 5
 Bell first argues that there was not enough evidence to hold him accountable for the quantity of drugs that the district court attributed to him when calculating his sentence. Specifically, Bell contends that he should not be held responsible for a "kilogram wrapper"[2] and three empty one-pound boxes of baking soda[3] that were discovered in a trash container located behind his apartment building. According to Bell, the sentencing court relied upon the discovery of these drug accessories in holding him accountable for more than 1000 grams of cocaine base.
 
 
 6
 This claim is not cognizable in a Sec. 2255 motion. Bell could have contested the drug quantity findings on direct appeal, but he did not. Having bypassed the opportunity to raise the claim on direct appeal, Bell may not demand belated review unless he demonstrates cause for the default and actual prejudice. Scott v. United States, 997 F.2d 340, 343 (7th Cir.1993).[4] Bell has shown neither.
 
 
 7
 Bell next argues that trial counsel was ineffective for failing to object to the insufficiency of the evidence regarding the kilogram wrapper and the boxes of baking soda that tended to prove the quantity of drugs for purposes of sentencing. Contrary to Bell's assertion, however, counsel did raise objections at sentencing about the guidelines application. (Tr. of Sentencing Hearing of 1/23/90, at 4-6, 10-12). Bell has not shown that the performance of counsel at his sentencing hearing "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Finally, Bell argues, for the first time, that appellate counsel rendered ineffective assistance by failing to (1) challenge the sufficiency of the evidence regarding drug quantity and to (2) develop the argument that the money laundering convictions tainted the drug conspiracy convictions. Bell offers no reasons for not having raised these arguments in his Sec. 2255 petition. Because Bell did not first raise these arguments in his postconviction petition before the district court, we will not consider them on appeal. See Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) (per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Bell does not challenge the latter argument on appeal, and it is therefore waived
 
 
 [2]
 This plastic wrapper, which contained a white powder that tested positive for cocaine, had brown plastic tape of the kind commonly used to wrap a kilogram of cocaine
 
 
 [3]
 Baking soda is used in the process of making cocaine base, or "crack."
 
 
 [4]
 We do not agree with the district court that Bell's challenge to the sufficiency of the evidence concerning drug quantity was "unambiguously resolved on direct appeal." (Order of 1/19/94, at 2.) Our earlier opinion did not examine Bell's accountability for the evidence found in the trash outside his apartment. See United States v. Bell, 936 F.2d 337, 343 n. 5 (7th Cir.1991). However, we may affirm the district court's judgment upon any ground supported by the record. Taylor v. Canteen Corp., 69 F.3d 773, 784 (7th Cir.1995)