86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Skid R. MANNS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1004.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1996.*
Decided May 17, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Skid Manns appeals pro se the district court's denial of his motion for postconviction relief under 28 U.S.C. § 2255. He now argues, for the first time, that the district court violated the double jeopardy clause by imposing consecutive sentences on his convictions for possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and for interstate travel in aid of criminal activity, 18 U.S.C. § 1952. Because Manns did not raise this argument in his § 2255 petition before the district court, we affirm.
 
 
 2
 In April 1988, Manns and twenty-six others were indicted on forty-seven counts of various offenses arising out of a marijuana distribution organization that operated between late 1984 and March 1987. After a trial involving six other defendants, Manns was found guilty of one count of conspiracy to distribute marijuana, 21 U.S.C. § 846, five counts of interstate travel in aid of criminal activity, 18 U.S.C. § 1952, and five counts of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). He was acquitted of two charges of interstate travel and two charges of possession with intent to distribute.
 
 
 3
 Manns was sentenced on the conspiracy count to a prison term of twelve years. On the possession with intent to distribute marijuana counts, Manns was sentenced to eight years imprisonment,[1] to run concurrently with each other and the sentence on the conspiracy count, but consecutively to the interstate travel counts. On the interstate travel counts, Manns was sentenced to four years imprisonment on each count, the sentences to run concurrently. Manns appealed his convictions to this court, and we affirmed. United States v. Baker, 905 F.2d 1100 (7th Cir.), cert. denied, 498 U.S. 904 (1990).
 
 
 4
 In July 1994, Manns filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He alleged that (1) his sentences for the marijuana offenses violated the ex post facto clause because the statute providing for the enhanced penalties became effective after his offenses; (2) that the court violated the ex post facto clause by considering the factors set forth in 18 U.S.C. § 3553 that did not become effective until after the commission of his crimes; and (3) that the court's aggregate sentence of twelve years was ambiguous. In November 1994, the district court denied Manns's petition.
 
 
 5
 On this appeal from the denial of his § 2255 petition, Manns's sole argument is that the consecutive sentences on his convictions for 21 U.S.C. § 841(a)(1) and § 18 U.S.C. § 1952 violated the double jeopardy clause. However, nowhere in his petition or in his traverse to the government's response to his petition did Manns mention the double jeopardy issue that he now raises on appeal. Because Manns did not raise this argument in his § 2255 petition, it is waived. See Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) (per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991). Even if Manns had adequately raised this argument, we would reject it. Section 841 requires proving certain facts that § 1952 does not, and, conversely, § 1952 requires proof of facts that § 841 does not; thus both offenses are separate for purposes of double jeopardy. See United States v. Sammons, 918 F.2d 592, 604-95 (6th Cir.1990) (no double jeopardy in an indictment charging conspiracy to import and distribute marijuana, and violations of the Travel Act).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The judgment and commitment erroneously recorded sentences of five rather than eight years on the charges of marijuana possession. After Manns inquired as to a possible typographical error in his sentence, the district court amended its judgment and commitment in April 1992 to reflect an eight-year sentence on the marijuana possession charges