103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy S. SOMERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3300.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 6, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In November, 1989, Timothy Somers was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute cocaine in an amount greater than 500 grams in violation of 21 U.S.C. § 846 and with eight counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Somers was sentenced to 15 years in prison and 5 years' supervised release. Somers directly appealed his conviction claiming that (1) a second conviction was barred by the double jeopardy clause, (2) that the seizure of cocaine was illegal, (3) that certain charges were invalid because they did not state whom he was aiding and abetting, (4) that the warrant was not specific enough in violation of the Fourth Amendment and that (5) sufficient evidence did not exist to support his conviction. This court affirmed in United States v. Somers, 950 F.2d 1279 (7th Cir.1991), cert. denied, 504 U.S. 917 (1992). Somers then brought a motion for relief under 28 U.S.C. § 2255 which the district court denied without a hearing. Somers appeals contending that he was deprived of effective assistance of trial and appellate counsel,[1] that the district court erred by enhancing his sentence under §§ 2D1.1(B)(1) and 3B1.1(B) and that the district court erred in failing to consider certain factors under 18 U.S.C. § 3553 before sentencing. We review the district court's denial of a § 2255 petition de novo and all factual determinations for clear error. Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994).
 
 
 2
 Somers contends that he was denied effective assistance of trial counsel because his lawyer: (1) failed to investigate possible testimony by the police officer who had seized certain evidence which, according to Somers, was in direct conflict with the evidence technician's testimony; (2) failed to object to allegedly inaccurate information regarding the number of firearms found at his apartment which led to an enhancement under § 2D1.1(b)(1); (3) failed to make himself aware of the provisions of the § 3B1.1(b) manager/supervisor enhancement; (4) failed to argue for a sentence at the bottom of the guideline range; and (5) failed to argue that the Guidelines which were used to sentence Somers violated the ex post facto clause. To demonstrate ineffective assistance of counsel, Somers must show that his attorney's representation was deficient and that this deficient performance so prejudiced his defense that the resulting proceedings against him were fundamentally unfair and unreliable. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993) (in order for a defendant to assert ineffective assistance of counsel in a sentencing proceeding, the defendant must show "significant" prejudice).
 
 
 3
 Somers' assertion that trial counsel was ineffective in not investigating the testimony of Corporal Shock must fail. While Shock's report states that the .45 caliber pistol was found on the person of another offender rather than in the possession of Somers, there is no evidence, as Somers asserts, that the court's decision to enhance the sentence was based solely upon the presence of the .45 caliber pistol. In fact, the portion of the sentencing record provided on appeal states that the court considered the "44 magnum semi automatic rifle in the basement and approximately 5 handguns stored in the foundation of the house." Sent. Record at D-5. Even if trial counsel had called Shock and successfully disputed the ownership of the .45, the number of handguns possessed would have been reduced to 4, still enough to enhance Somers' sentence.[2] U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (the sentence may be enhanced "if a firearm or other dangerous weapon is possessed.") (emphasis added). Somers has failed to show that the proceedings were fundamentally unfair or unreliable because trial counsel did not examine Corporal Shock with respect to the ownership of the .45 caliber pistol. In a related argument, Somers asserts that his trial counsel failed to object to "inaccurate information" contained in the Presentence Report regarding the number of weapons in Somers' possession. We already have concluded above, however, that even if counsel had objected, the firearms enhancement still would have been proper, and thus, no prejudice has been demonstrated.
 
 
 4
 Somers' next contention is that he was denied effective assistance of counsel because trial counsel allegedly did not understand the provisions of the manager/supervisor enhancement pursuant to § 3B1.1(b). Somers, however, has failed to demonstrate the requisite prejudice. While the quote offered by Somers as proof of the deficiency shows that his counsel may not have completely understood the enhancement, Somers has failed to show that any misstatement by his lawyer prejudiced him.[3] The court stated during the sentencing hearing and in its sentencing memorandum that the evidence showed that there were at least 5 participants and the evidence in the record supports this finding. In addition, the district court stated that the evidence showed that Somers exercised a supervisory role over 4 other participants and we agree.
 
 
 5
 Somers also claims that trial counsel was deficient for failing to object to the court's imposition of 180 months and failed to argue for 151 months based on mitigating evidence. Somers, however, has provided this court with no evidence regarding this point. In fact, Somers admits in both his § 2255 petition and his appellate brief that the mitigating evidence to which he refers was presented at trial and during the sentencing hearing.[4] Petitioner's Memorandum In Support of § 2255 Motion at 34-35; Petitioner's Opening Br. at 37-38. The district court had all of the relevant evidence before it when it imposed the sentence of 180 months. We cannot conclude that counsel's alleged failure to argue for the lower term was deficient or that Somers was prejudiced by the alleged failure.
 
 
 6
 Somers also argues on appeal that his counsel failed to object to the district court's application of the 1990 Guidelines rather than the 1988 Guidelines which violated the ex post facto clause because § 2D1.1(b) of the 1988 Guidelines contained a scienter requirement that was not present in the later Guidelines. This argument was not raised in Somers' § 2255 motion before the district court, and thus, it is waived. Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) (per curiam). Even if we were to review it on the merits, however, the argument would fail. This court did not hold that § 2D1.1 of the pre-1989 Guidelines included a scienter requirement which was eliminated with the 1989 Amendments until after Somers was sentenced in March 1990. United States v. Fiala, 929 F.2d 285, 289 (7th Cir.1991). Thus, we cannot conclude that a failure by trial counsel to raise the argument in March 1990 was deficient performance.
 
 
 7
 Somers also argues that application of the 1990 Guidelines was a direct constitutional violation separate from his ineffective assistance of counsel claim and cites United States v. Seacott, 15 F.3d 1380, 1384 (7th Cir.1994) ("[T]he ex post facto clause of the constitution prohibits application of a guidelines provision not in effect on the date of the offense if the new provision operates to the detriment of the defendant.").[5] Other circuits have held that application of the later § 2D1.1 which lacks a scienter requirement for a crime committed before the 1989 Amendment would violate the ex post facto clause. United States v. Underwood, 938 F.2d 1086, 1089-90 (10th Cir.1991) (application of the post-amendment Guidelines § 2D1.1 would violate the ex post facto clause even though the court had not previously held that there was a scienter requirement); United States v. Suarez, 911 F.2d 1016, 1022 (5th Cir.1990) (application of the later Guidelines § 2D1.1 would violate the ex post facto clause because the amendment changes the legal consequences of the acts completed before its effective date and because application of the later Guidelines would disadvantage the defendant). The respondent argues that, assuming it is a violation of the ex post facto clause, no prejudice occurred.[6] We note, however, that the district court did not rule on whether the application of the 1990 Guidelines was detrimental to Somers, or whether Somers had knowledge of the presence of guns.[7] However, we conclude that sufficient evidence existed to demonstrate that the petitioner was aware of the presence of guns; thus, there was no prejudice to Somers. A report by one of the officers who conducted the search of Somers' residence states that he found 2 semi-automatic handguns and one revolver in the foundation of the basement as well as a .44 caliber rifle on the bed in the basement. Somers lived alone in the basement of the house in which the firearms were found and the Presentence Report indicates that "Somers maintained exclusive control over the basement of the home." See Petitioner's Opening Br. at 5; Petitioner's Appendix attached to Opening Br. at A-19. Somers admits that he kept the hunting rifle under his bed, and while disputing the number of guns which was reportedly found at his home, he never contends that he was unaware of their presence. Thus, we conclude that Somers had the requisite knowledge of the presence of firearms to fulfill the scienter requirement contained in the 1988 version of § 2D1.1.
 
 
 8
 Somers' last several arguments deal with the district court's application of the Sentencing Guidelines. A collateral attack of a district court's application of the Guidelines is restricted to the most extraordinary circumstances; thus § 2255 generally does not authorize collateral challenges to a district court's application of the Guidelines. Kelly v. United States, 29 F.3d 1107, 1111-1114 (7th Cir.1994); Scott v. United States, 997 F.2d 340, 341-43 (7th Cir.1993) ("Only extraordinary circumstances ... coupled with "cause" for not taking a direct appeal--even call for inquiry."). Somers argues that the district court erred in applying the manager/supervisor enhancement pursuant to § 3B1.1 and the firearms enhancement pursuant to § 2D1.1(b).[8] Somers also argues that the district court erred when it allegedly did not consider certain factors in sentencing Somers or, alternatively that the court abused its discretion by sentencing him in the upper end of the permitted range. These arguments are not cognizable on a § 2255 motion. Scott, 997 F.2d at 242.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Ineffective assistance of counsel claims based upon the trial record alone must be brought on direct appeal. Olmstead v. United States, 55 F.3d 316 (7th Cir.1995) (citing Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993) (other citations omitted)). Somers asserts that he has offered extrinsic evidence that was not part of the trial record, but the question is whether this extrinsic evidence supports his ineffective assistance of counsel claim. Id. The police reports offered by Somers as extrinsic evidence do not address his trial counsel's alleged failure to call witnesses or object to certain sentencing enhancements. Furthermore, the affidavit offered in support of his claim that his trial counsel did not familiarize himself with the requirements of the § 3B1.1 manager/supervisor enhancement shows only that his trial counsel was ill-informed immediately after Somers' conviction, but not at the time of sentencing. The respondent, however, did not raise the issue of procedural default, and so we will consider the claim on the merits
 
 
 [2]
 Our review of the record appears to show that only 5 weapons total, rather than 6, were found at Somer's house. This is merely an observation and in no way changes our analysis
 
 
 [3]
 Trial counsel stated that "[t]he evidence presented during trial did not indicate that the defendant managed or supervised 5 or more people." The manager/supervisor enhancement requires only that the defendant managed or supervised at least one person and that there were at least 4 other participants involved, not that the defendant managed or supervised 5 people
 
 
 [4]
 While including a portion of his sentencing memorandum, the sentencing hearing and the sentencing order, Somers failed to include any portions of the record relevant to this claim
 
 
 [5]
 While this argument was not included in Somers' initial petition, the district court granted Somers' motion to supplement the petition with this claim. Somers submitted this supplement on July 18, 1994
 
 
 [6]
 In its brief, the respondent states that "[a]ssuming it was a violation of the ex post facto clause to sentence Somers under the later version of the guidelines, ..., the facts at sentencing clearly establish beyond dispute the necessary scienter under the earlier guideline." Resp.Br. at 21-22. Because the respondent assumes that a constitutional violation occurred, we will assume the same for our purposes here without deciding the issue
 
 
 [7]
 The July 26, 1994 Memorandum and Order by the district court mentions the July 18, 1994 supplement filed by the petitioner, but fails to address the ex post facto issue raised in that supplement
 
 
 [8]
 At the end of each of these arguments, Somers briefly asserts that appellate counsel was ineffective for not having raised the issues and states that the issues were meritorious and, in the second instance, that it would not have been unreasonable for trial counsel to have pursued the issue. Petitioner's Opening Br. at 25, 36 "Effective advocacy does not require the appellate attorney to raise every non-frivolous issue under the sun." Mason v. Hanks, 97 F.3d 887, 893 (7th Cir.1996) (citations omitted). Only when we find that appellate counsel's failure to include a certain issue on appeal "may have resulted in a reversal of the conviction, or an order for a new trial," will we determine that appellate counsel's performance was prejudicial. Id. (citations omitted). With respect to the § 3B1.1 manager/supervisor enhancement, Somers' argument relies upon a 1994 decision by this court, yet his appeal was brought in 1991. Furthermore, while Somers states in his Traverse to Government's Response that he asked appellate counsel to appeal the application of § 3B1.1, he provides no affidavit in support of this claim. R.25, Traverse to Government's Response at 5. With respect to the § 2D1.1 firearms enhancement, we already have explained that an argument on this ground would have failed, and thus, we cannot say that appellate counsel's failure to raise it on appeal was prejudicial