114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David T. DONNELLY, Defendant-Appellant.
 No. 96-2650.
 United States Court of Appeals, Seventh Circuit.
 Argued April 29, 1997.
Decided May 21, 1997.
 
 Before BAUER, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 David Donnelly pleaded guilty to knowingly and intentionally manufacturing in excess of 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). Three days prior to sentencing, Donnelly moved to withdraw his plea. The district court granted the motion and scheduled a jury trial. Donnelly changed his mind again, and pleaded guilty. The district court sentenced him to 70 months' imprisonment.
 
 
 2
 Subsequently, portions of the Sentencing Guidelines relevant to Donnelly's case were amended and made retroactive. Through a series of motions by both parties before this court, the case was remanded to the district court for resentencing. Six days prior to re-sentencing, Donnelly moved to withdraw his plea. The district court denied the motion and re-sentenced Donnelly to 60 months' imprisonment. The district court's refusal to allow Donnelly to withdraw his plea is the central subject of this appeal. The government has also raised the issue of whether Donnelly has waived his right to appeal by virtue of the terms of his plea agreement.
 
 
 3
 Donnelly stipulated in his plea agreement that if sentenced at an offense level at or below 23, he "expressly waive[d] the right to appeal the conviction and sentence imposed in this case on any ground." He was sentenced to the statutory minimum term of imprisonment equivalent to an offense level of 22. Donnelly now asserts that the language of the waiver means "at or below three levels below the initial base offense level" even though it states "at or below offense level 23." If this interpretation is accurate, then Donnelly has not waived his right to appeal because the amendment to the Guidelines lowered the base offense level from 26 to 18.
 
 
 4
 But Donnelly's interpretation is tardy and untenable. He presented this theory in his reply brief and it constitutes an entirely new argument that could have been identified earlier in the proceedings. United States v. Feinberg, 89 F.3d 333, 340-41 (7th Cir.1996). His suggestion that mistake as to the meaning of the waiver term unbinds the plea agreement is not convincing.
 
 
 5
 It is true that "[p]lea agreements are governed by ordinary contract principles," and "ambiguity in an essential term or a mutual mistake about the meaning of such a term can invalidate [the plea agreement]," United States v. Barnes, 83 F.3d 934, 938 (7th Cir.1996). However, there is no ambiguity in the terms of the waiver of appeal in Donnelly's plea agreement, and there is no evidence that Donnelly's present understanding of the terms was his or the government's understanding at the time of the plea. Indeed, the district court judge and Donnelly's counsel specifically informed Donnelly about the uncertainty of the impact the amendment to the Guidelines might have if made retroactive. The amendment makes the waiver of appeal significant, a significance otherwise lost without the present benefit of hindsight.
 
 
 6
 In any event, the waiver of appeal provision is not an essential term of the overall plea agreement, to which the principles of contract apply. The essential terms of a plea agreement are those addressing "the nature of the charge to which the defendant pleads, the factual basis for the plea and the limits of the district court's sentencing authority." Barnes, 83 F.3d at 938, citing Santobello v. New York, 404 U.S. 257, 260-63 (1971). "The agreement is complete when the parties agree on the nature and extent of the defendant's culpability." Id.
 
 
 7
 But for the statutory minimum sentence, Donnelly's offense level was 18. However, even if we were to consider the significance, if any, of this circumstance in relation to the waiver of appeal term in the plea agreement, we would still affirm the judgment of the district court because the court did not abuse its discretion in denying Donnelly's request to withdraw his plea. United States v. Abdul, 75 F.3d 327, 329 (7th Cir.1996). "The district court's findings regarding whether the defendant has 'fair and just' reasons for withdrawal will be upheld unless they are clearly erroneous." United States v. Messino, 55 F.3d 1241, 1247 (7th Cir.1995).
 
 
 8
 Donnelly's motion to withdraw his plea referred to a jurisdictional challenge and otherwise mentioned unidentified "objections to a series of matters related to his case." The memorandum offered in support of the motion was little more informative. The jurisdictional claim that the federal government lacks jurisdiction to regulate intrastate manufacture of marijuana for personal use is patently meritless. See United States v. Lopez, 115 S.Ct. 1624 (1995) (the general regulatory statute bears a substantial relation to commerce and therefore the de minimis character of individual instances arising under that statute is of no consequence); United States v. Stillo, 57 F.3d 553, 558 n. 2 (7th Cir.1995) (Lopez does not undermine this Court's precedents that minimal potential effect on commerce is all that need be proven to support a conviction); United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir.1995) (intrastate drug trafficking may properly be regulated by Congress under the Commerce Clause); Proyect v. United States, 101 F.3d 11, 13-14 (2d Cir.1996) (the fact that certain intrastate activities such as growing marijuana solely for personal consumption may not actually have a significant effect on interstate commerce is irrelevant).
 
 
 9
 Donnelly's other proffered reasons for withdrawing his plea were not stated with sufficient particularity, were not offered with any supporting evidence, and fail to overcome his admissions at the plea hearing. United States v. Groll, 992 F.2d 755, 758 (7th Cir.1993); United States v. Trussel, 961 F.2d 685, 689 (7th Cir.1992). Moreover, Donnelly has not indicated why he failed to assert the alleged defenses earlier in the proceedings. "[W]hen the record indicates that the defendant was aware of the reasons supporting [his] motion to withdraw when [he] entered [his] plea ... the district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing." Groll, 992 F.2d at 758.
 
 
 10
 The judgment of the district court is AFFIRMED.